(No. 4620— ▄▄▄▄▄▄▄▄▄

Iva Ann Brown, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 10, 1956.*

Albright, Hodges and Nolan; and Goldenhersh and Goldenhersh, Attorneys for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Tolson, C. J.

On August 16, 1953, claimant, Iva Ann Brown, a resident of St. Louis, Missouri, attended the Illinois State Fair at Springfield, Illinois. She was accompanied by her brother, Roy Putnam, and his wife, Eunice Putnam, both of whom testified on her behalf.

. Claimant was walking through a building, designated as "25 Q", which housed cattle. Bits of straw littered the concrete walk, and certain drains were installed on the sides of the walk, so that the area occupied by the cattle could be hosed down to maintain cleanliness. At intervals catch basins were installed, which extended out

into the walk area. These basins were about 19 x 16 inches in size, and about 14 inches deep.

Claimant's exhibits Nos. 1 and 2, admitted in evidence, consist of two large photographs of these areas. They accurately portray the drains and catch basins, and significantly show that the concrete edges of the catch basins were designed for a metal grate or cover to bring them up flush with the sidewalk. The picture also shows that no cover of any kind was present.

Claimant stepped into the catch basin, and fell forward upon her right arm, which resulted in an impacted fracture of the distal end of the radius in the right wrist. The Putnams assisted claimant to the First Aid Station, where a gauze bandage was placed on the wrist. Claimant returned to St. Louis that evening, where she was treated by her physician, and her arm was thereafter placed in a cast.

There is no dispute in the evidence that claimant, who was employed in a shoe factory, lost eight weeks of work at the rate of $62.50 per week. Her medical expenses were in the sum of $200.00.

The Report of the Department of Agriculture recites that crews of employees were engaged the year round for maintenance purposes, but the Report does not deny or attempt to explain why a metal grate was not in place along the walk way. At the hearing respondent did not offer any evidence in rebuttal, but argues in its brief that respondent did not have any notice, actual or constructive, that the catch basin did not have a cover or a grate in place.

It is clear from the record that respondent did not have actual notice of the absence of the cover over the catch basin. However, whether respondent had construc-

tive notice must be determined from a careful reading of the record.

This Court has in previous decisions found, from the record in particular cases, fact situations warranting a conclusion of constructive notice. *Douglas E. Dreier, Et Al* vs. *State,* 21 C.C.R. 72; *Gertrude Skaggs, Admx., Et Al* vs. *State,* 21 C.C.R. 418; *Jack M. Visco, Et Al* vs. *State,* 21 C.C.R. 480.

In the case of *Jack M. Visco, Et Al* vs. *State* at page 487, the Court pointed out:

"There cannot be any hard or fast rule in determining when it can be said that the state had constructive notice of a dangerous condition, and each case must be decided on its own particular facts."

Constructive notice has been defined by the courts from time to time, an example of which may be found in 46 C. J. 540:

"Constructive notice has been defined to be no more than evidence of notice, the presumption of which is so violent that the court will not allow it to be controverted, the presumption of notice being one of law and not one of fact."

The 1953 State Fair was open to the public from August 14 to August 23, inclusive. According to the Departmental Report, many thousands of people attended the Fair, and walked through the 71 buildings located at the site. It was incumbent upon the state to take reasonable precautions to see that the walks through the building were in a reasonably safe condition.

If any employee, engaged in maintenance, had inspected the walk, it would have been apparent that the drains located in the walking area were without covers, and, if littered with straw, could not be recognized as drains. The omission to inspect the catch basins placed in a travelled walk way was clearly an act of negligence, and, from all the facts in evidence, the Court finds that

234

respondent had constructive notice of a dangerous condition, and neglected to take the necessary precautions to prevent injury to the visitors entering the building.

The Court further finds that claimant was free from contributory negligence.

The remaining question for the Court to decide is the amount of claimant's damages.

Claimant lost eight weeks of work at the rate of $62.50 per week, making a total of $501.20. Her medical and X-Ray bills were in the sum of $200.00. Claimant made a good recovery, and was able to return to work, though the medical report indicates that there may be some impairment to the arm and recurrent pain.

The Court believes claimant is entitled to an additional sum of $1,798.80 for pain, suffering and impairment to her arm.

An award is, therefore, made to claimant in the sum of $2,500.00.